SAMUEL COPP, JR., Respondent, *v.* ST. LOUIS COUNTY, Appellant.

*Contract—County Court—Agent.*—The County Court can only bind the county by doing things which the law authorizes to be done; but if the law authorizes the court to have work done, the obligation to pay for the work when done follows necessarily.

*Contract—Evidence.*—But where the contract was implied from the circumstances of the case, and the party doing the work was in the employment of a third party by whom he was directed to do the work, it was error to exclude from the jury the evidence that he was directed by such third party to do such work without charge.

*Appeal from St. Louis Circuit Court.*

This suit was brought to recover of appellant pay for services alleged to have been rendered by respondent, in the

matter of transferring stock of appellant in the Pacific Railroad Company to holders of tax certificates.

The appellant, in the answer, denied any agreement to compensate respondent, or any legal liability to compensate him for the services alleged to have been rendered. At the trial, the respondent gave in evidence an order of the County Court of St. Louis county, appointing him an officer of the court to transfer the stock in conformity with the by-laws of said Pacific Railroad Company.

Respondent also gave in evidence testimony tending to show the value of his services, and rested his case.

The appellant, to maintain the issue on its part, proved that three or four months after respondent's appointment, he presented to the County Court an account for one quarter's services; that the said County Court refused to allow or pay the same. Appellant then offered to prove that, at the time respondent presented said account for allowance, he was informed and notified by said court that defendant would not pay anything for the services for which he claimed compensation; that, rather than have the county put to any expense in making such transfers of stock, the presiding justice of the County Court would himself go to the office of the railroad company, and make the transfers as occasion might require.

To the giving of testimony respondent's counsel objected. The court sustained said objection and appellant's counsel excepted.

Appellant's counsel then offered in evidence a duly certified copy of a resolution adopted by the board of directors of the said railroad company, at a regular monthly meeting of said board, on the 18th day of March, 1856, at which meeting respondent was present, and as secretary recorded the proceedings. The resolution is as follows:

" *Resolved*, That the secretary of this company shall make all transfers of stock of the county in this company without charge."

To the giving of which resolution in evidence repondent's

counsel objected, on the ground that it was not competent; the court sustained the objection and appellant's counsel excepted. Appellant then proved that the salary of respondent, as secretary of the Pacific Railroad during the time when the alleged services were rendered, was $3,600 per annum. Appellant then offered in evidence the following by-law of the Pacific Railroad Company, which respondent's attorney admitted to be a by-law of said company, and that the secretary of the company was one of the officers to which it relates, viz:

"The salary of all the above officers shall be fixed by vote of the board of directors, and no extra allowance for any service performed by such officers shall be made without the concurrence of the board."

To the admissibility of which in evidence plaintiff's attorney objected. The court sustained the objection, and defendant excepted.

*S. H. Gardner*, for appellant.

I. The court below erred in excluding oral evidence offered by defendant, for the purpose of showing that the County Court made no agreement whatever with plaintiff to compensate him for the services alleged to have been rendered by him, and in excluding evidence to show why plaintiff was appointed agent, and under what circumstances the appointment was made. As a general rule, a defendant may go into evidence to show that a promise to pay would not necessarily be implied, but must be expressly proven. (Partlow v. Cooke, 2 Coke, 451 ; Cooper v. Whitehouse, 6 C. & P. 545.)

To a proper understanding of this cause, and the ruling of the court by which the above mentioned evidence was excluded from the jury, it is necessary that the nature of the plaintiff's agency, and the statute under which he was appointed, should be particularly considered. By statute (R. C. 1855, p. 404, Tit. Corporations—Railroad), it was made lawful for the County Court of any county in this

State to subscribe to the capital stock of any railroad company duly organized under the statutes of this State. (R. C. 1855, p. 427, § 30.)

The 31st section of the same act provides, among other things, for the levying of a tax to pay such subscription, and the 32d section provides that for all such taxes thus levied the County Court shall cause to be issued and delivered to persons paying such special tax, a certificate for the sum paid, which shall be transferable by the holders of the same and convertible into stock of such railroad.

II. It was error in the Circuit Court to exclude from the jury as incompetent evidence the resolution passed by the board of directors of the Pacific Railroad Company, by which the respondent was required to make the transfer in question without charge. The objection, as well as the ruling of the court, went to the competency of the resolution itself. We cannot see on what possible legal grounds this resolution can be considered inadmissible in evidence. It was clearly within the power of the board to pass it. The plaintiff, as secretary of the company, was the servant of the board and under its control. (Elmes v. Ogle, 2 Eng. Law & Eq. 379.) It was admissible for another reason; plaintiff acquiesced in it. (Greenl. Ev. § 379.)

This resolution was admissible in evidence upon still another ground. It was only with the consent of the company that he would be thus employed. He was in the service of the company as secretary to the board, and in receipt of a liberal salary of $3,600, which amply compensated him for bestowing all his time and attention to its concerns. This is a well recognized principle of law. And if, in making these transfers, plaintiff was not in fact in the service of the company, it was an employment against his duty, and which gave him no right to compensation therefor. (Thompson v. Havelock, 1 Campbell, 527; 1 Ryan & Moody, 45; 2 Saun. on Ev. & P. 1295; Gardner v. McCutcheon, 4 Beav. 534.)

III. It was error in the Circuit Court to exclude from the jury the evidence of the by-law of the Pacific Railroad

Company. The services for which the plaintiff claims to be compensated were rendered under the resolution of the board above mentioned, and were in point of fact rendered the company, and may have been considered as extra services, and hence the by-law referred to was admissible in evidence. It was admissible for another reason : the order of the County Court appointing plaintiff, under which he claims compensation, and which was given in evidence by him, expressly refers to the by-laws of the company.

IV. The instruction, then, upon which plaintiff recovered in this case was not warranted either by the law or the facts, was directly in contravention of principles already established by this court, and the judgment should for that reason be reversed. (Walcott v. Lawrence Co. 26 Mo. p. 272 ; Dennison v. St. Louis Co. 33 Mo. 168.)

*Glover & Shepley*, for respondents.

I. The first instruction given for the plaintiff truly laid down the law. The presumption is, that valuable services rendered by one at the request of another one, is to be paid for. (2 Greenl. § 108, p. 85 ; Doty v. Nelson, 14 John. 382 ; Nichols v. Allen, 3 Car. & P. 86 ; Waller v. Bank of Kentucky, 3 J. J. Marsh, 206.)

II. The 2d instruction, which was refused, was properly refused ; because the plaintiff was appointed agent for transferring stock during the pleasure of the court, and the verbal statements or representations of the judges of the court were not an act or acts of the court and had no legal effect. This instruction No. 2 was not predicated on any evidence in the cause, in so far as it states that the County Court " so informed plaintiff." The County Court did not so inform plaintiff. The testimony offered was to the effect that the judges said this and so, not on the bench but privately ; personally, there was no showing of any act of the court to such effect, and therefore the instruction was properly refused. Long after the loose talk of the judge, the plaintiff presented his bill and his resignation to the court, and the court there

and then accepted his resignation; which was conclusive proof that until then plaintiff had been acting lawfully as agent of the county.

The agent to transfer the stock of St. Louis County in the railroad was a county officer, not a railroad officer; and no action of the railroad could affect his relations or duties, the matter of an appointment held under the county.

BATES, Judge, delivered the opinion of the court.

The plaintiff was appointed by the County Court of St. Louis County its agent, to transfer stock in the Pacific Railroad to persons who held certificates of payment of a railroad tax, in lieu of which they were entitled to have stock transferred to them by the county.

The plaintiff was at the same time secretary of the Pacific Railroad.

The plaintiff having acted as such agent for some time, brought this suit to recover compensation for his services. When he resigned his agency, he presented to the County Court a bill for seven hundred dollars for his services, payment of which was refused. He got a verdict and judgment for that amount, seven hundred dollars, and the defendant appealed to this court.

At the trial, the court instructed for the plaintiff, that if plaintiff was appointed by the defendant such agent, and acted as such, and his services were of any value, then the law implies a promise by the defendant to pay the plaintiff the value of his services. It is objected to this instruction, that the court cannot be bound by an implied promise. This objection is not well taken. It is very true that the County Court can only bind the county by doing things which are authorized by law to be done; but if the law authorizes the court to have work done for the county, the obligation to pay for the work when done follows necessarily.

The authority of the court to appoint the agent is perfect, and the obligation to pay him for his work results from his appointment and his performance of the work.

An instruction was given for the defendant, limiting the recovery to what the services were reasonably and fairly worth.

The court refused two instructions asked by the defendant. The first is as follows:

" The jury are instructed that if they believe from the evidence in the cause, that, at the time of making the appointment of the plaintiff as agent of the County of St. Louis, to make the transfers of the stock of the County of St. Louis in the Pacific Railroad Company, the late St. Louis County Court did not intend such appointment to be a matter of compensation, and so informed the plaintiff when he made application for payment of an account, charging for compensation for the first quarter's services in pursuance of such appointment, and refused to pay plaintiff for the same, then plaintiff is not entitled to recover for any services rendered after the date of such refusal."

This instruction, in the form in which it is written, was properly refused ; because there was no evidence of the intention of the court, and the plaintiff was not bound by a mere intention. The promise of the defendant to pay the plaintiff was merely implied from circumstances, and that implication could be rebutted by other circumstances connected with the same matter ; and among these is the refusal of the court to pay his first bill. The court could then have dismissed him from the service of the county, and likewise he could have declined to perform further service for the county. The fact of his continuing to perform the services is not conclusive, either upon the county that it was bound to pay him, or upon him that the services were without reward from the county. Other circumstances might be shown to make more visible their relations to each other ; among these was the fact that the Pacific Railroad, of which the plaintiff was secretary, with his knowledge, ordered that he should without charge make the transfers for the county, which transfers the railroad was interested in having made correctly.

The Circuit Court rejected the evidence of that resolution of the Pacific Railroad, and in so doing we think erred, as it tended to explain the terms upon which the plaintiff continued to make the transfers thereafter. It would not conclude the plaintiff, but it was a fact which the jury might consider in determining the question, whether the plaintiff did not make the transfers as a part of his duty as secretary of the Pacific Railroad, and that his compensation was included in his salary as such secretary.

For this error the judgment is reversed and the cause remanded. Judges Bay and Dryden concur.